```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
EPOCH DATA, INC.,
                                                                    MEMORANDUM AND ORDER
                        Plaintiff,

     -against-                                                      CV 10-3569 (LDW) (GRB)

PAUL SILVERSTEIN, et al.,

                        Defendants.
----------------------------------------------------X
```
WEXLER, District Judge

In this action, plaintiff asserts a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and supplemental state law claims arising from defendants' alleged scheme to defraud and steal confidential business information from plaintiff. Defendants move to dismiss the RICO claim under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and the supplemental state law claims under FRCP 12(b)(1). Plaintiff opposes the motion.

As stated at the conference on September 28, 2011, the Court finds that plaintiff does not sufficiently plead a RICO claim. The amended complaint does not sufficiently allege a pattern of racketeering activity to satisfy RICO's "continuity" requirement, *see H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240-43(1989) (holding that RICO pattern of racketeering activity requires that predicate acts "amount to, or that they otherwise constitute a threat of, continuing racketeering activity"), particularly given that defendants' alleged scheme involved a single, narrow purpose and only several participants directed toward one victim. *See, e.g., Medinol Ltd. v. Boston Scientific Corp.*, 346 F. Supp. 2d 545, 613-16 (S.D.N.Y. 2004) (" 'Courts have uniformly and consistently held that schemes involving a single, narrow purpose and one or few participants

directed towards a single victim do not satisfy the RICO requirement of a closed or open pattern of continuity.' " (quoting *Lefkowitz v. Bank of New York*, 2003 WL 22480049, at *8 (S.D.N.Y. Oct. 31, 2003))). Accordingly, the RICO claim is dismissed.

Given the dismissal of the RICO claim – plaintiff's only federal claim – the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c). Accordingly, plaintiff's state law claims are dismissed without prejudice for lack of subject matter jurisdiction.

For the above reasons, defendants' motion to dismiss is granted. The Clerk of Court is directed to close the file.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       January 10, 2012